**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

RAFAEL ZAPATA,                          :
                                                      Civil Action No. 07-2680 (JBS)
                    Petitioner,       :

                    v.                    :        **OPINION**

UNITED STATES OF AMERICA,      :
et al.,
                    Respondents.    :


**APPEARANCES:**

Petitioner <u>pro se</u>
Rafael Zapata
F.C.I. Fort Dix
P.O. Box 38
Fort Dix, NJ 08640


**SIMANDLE**, District Judge

        Petitioner Rafael Zapata, a prisoner confined at the Federal

Correctional Institution at Fort Dix, New Jersey, at the time he

filed this Petition,[1] has submitted a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.[2]  The respondents are

_____

        [1] Mail sent by this Court to Petitioner at F.C.I. Fort Dix
has been returned as undeliverable.  The Bureau of Prisons Inmate
Locator reflects that Petitioner is presently confined at the Big
Spring Correctional Institution at Big Spring, Texas.  This Court
has not received from Petitioner any notice of a change in his
address.

        [2] Section 2241 provides in relevant part:

        (a) Writs of habeas corpus may be granted by the
        Supreme Court, any justice thereof, the district courts
        and any circuit judge within their respective

the United States of America and FCI Fort Dix Warden Charles

Samuels.

## I.   BACKGROUND

Petitioner asserts that he was convicted in the U.S.

District Court for the Southern District of New York, where he

currently has pending a motion to vacate, set aside, or correct

his sentence pursuant to 28 U.S.C. § 2255.  See Zapata v. United

States, 06-cv-13323 (CM) (S.D.N.Y.); United States v. Zapata, 02-

cr-0987 (S.D.N.Y.).

Petitioner alleges that he has been advised that he will

likely be transferred to a federal correctional facility in Texas

and he asks this Court to issue an order prohibiting his transfer

until the conclusion of his § 2255 proceeding.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in

relevant part as follows:

> A court, justice or judge entertaining an
> application for a writ of habeas corpus shall forthwith
> award the writ or issue an order directing the
> respondent to show cause why the writ should not be
> granted, unless it appears from the application that
> the applicant or person detained is not entitled
> thereto.

---

jurisdictions.
(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

This Court lacks jurisdiction under 28 U.S.C. § 2241 over a petition, such as this, seeking to challenge a "garden variety" transfer among Bureau of Prisons correctional institutions.

To invoke habeas corpus review by a federal court, a federal prisoner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28

3

U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).  A petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

In Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to decisions regarding his transfer to a community corrections center ("CCC"), pursuant to a federal regulation.  In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC from a "garden variety" transfer to another prison:

> Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution.  More specifically, in finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer.  Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.

The criteria for determining CCC placement are instrumental in determining how a sentence will be "executed."  CCCs and similar facilities, unlike other forms of incarceration, are part of the phase of the corrections process focused on reintegrating an inmate into society.  The relevant statute specifically provides that a prisoner should be placed in a CCC or similar institution at the end of a prison sentence to "afford the prisoner a reasonable opportunity to adjust to and prepare for ... re-entry into the community."  18 U.S.C. § 3624.  CCCs thus satisfy different goals from other types of confinement.  We have noted the relatively lenient policies of CCCs as compared to more traditional correctional facilities.  CCC pre-release programs often include an employment component under which a prisoner may leave on a daily basis to work in the community.  Inmates may be eligible for weekend passes, overnight passes, or furloughs.  See United States v. Hillstrom, 988 F.2d 448 (3d Cir. 1993); see also United States v. Latimer, (emphasizing that community confinement is "qualitatively different" from confinement in a traditional prison).

Given these considerations, and the weight of authority from other circuits ..., we conclude that Woodall's challenge to the BOP regulations here is a proper challenge to the "execution" of his sentence, and that habeas jurisdiction lies.

Woodall, 432 F.3d at 243-44 (footnotes omitted).

Unlike Woodall, Petitioner in this case challenges a garden variety transfer from one federal prison to another.  This Court finds that Petitioner's challenge is not properly brought pursuant to 28 U.S.C. § 2241.[3]  See Ganim v. Federal Bureau of Prisons, 2007 WL 1539942 (3d Cir. May 29, 2007) (holding that

---

[3] The Court notes that Petitioner has not alleged that the transfer would cause any impairment of his ability to litigate his pending § 2255 motion and that, even if he did, such an access-to-courts claim would not properly be raised in habeas. See Hairston v. Nash, 165 Fed.Appx. 233, 234-35, 2006 WL 287733 (3d Cir. 2006).

district court lacks jurisdiction under § 2241 to entertain

prisoner's challenge to simple transfer between federal prisons).

IV.   CONCLUSION

For the reasons set forth above, the Petition will be

dismissed for lack of jurisdiction.  An appropriate order

follows.


 **s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated:  **August 17, 2007**